MADDOX, Justice.
Appellants are guards at the Alabama Department of State Docks. They filed suit in which they asked the court to determine that they were “law enforcement officers” within the meaning of Code 1975, § 36-21-3 (Act No. 206, Third Special Session 1975) and, therefore, entitled to the lump sum payment, or “longevity pay” authorized by that section.
The trial court granted defendants’ motion to dismiss, holding that “the State Docks guards are not included under Act 206.” Are the docks guards “law enforcement officers” within the meaning of the longevity pay statute? We hold that they are not and affirm the judgment of the trial court.
Code 1975, § 36 21 3, provides, in part: “(a) Each law enforcement officer and all police communications officers employed by the state of Alabama, including law enforcement officers. of the department of industrial relations and the department of revenue, and including state fire marshals, shall be entitled to and receive in a lump sum the first pay period of December each year [different sums depending on total years of service]. . . ”
The term “law enforcement officer” as used in this chapter is defined in Code 1975, § 36-21-6 as “a full-time state employee who has the power of a peace officer and who is sworn to uphold the laws and Constitution of the state of Alabama and has the power of arrest and who complies with the Minimum Standards and Training Act.”
It is agreed that the docks guards are “full time state employees.” Whether they are “sworn to uphold the laws and Constitution of the state of Alabama” or whether they have complied “with the Minimum Standards and Training Act” is not shown by the record. The determinative question, however, is whether the docks guards pos *417 sess “the power of arrest.” Construing legislative intent in passing the “longevity pay” statute, we conclude that the State Docks guards were not included as “law enforcement officers” because they do not possess the “power of arrest.”
State Docks guards may possess authority to arrest in certain situations. Private persons are sometimes authorized to make arrests. Code 1975, § 15-10-7. We do not hold that State Docks guards possess no authority to arrest, only that they are not “law enforcement officers” within the meaning of the longevity pay act. In short, we find that the legislature did not intend to include them.
We affirm the judgment entered by the trial court.
AFFIRMED.
JONES and SHORES, JJ., concur.
TORBERT, C. J., and BEATTY, J., concur in result.