On November 5, 1976, Ralph Holliyan was employed by the City of Warrior Police Department as a radio dispatcher. On February 21, 1977, the Warrior City Council hired Holliyan as a police officer on a temporary basis and on April 22, 1977, the Warrior City Council adopted a motion to enroll Holliyan in the Police Academy Rookie School, thus recognizing him as a member of the City of Warrior Police Department.
On December 2, 1977, Holliyan was suspended by the Mayor of Warrior, H. Jean Gayle. The mayor and city council discharged Holliyan for neglect of duty on December 19, 1977. Holliyan had a full hearing before the city council and was represented by counsel. The discharge resulted from two incidents concerning Holliyan's indiscretion in (1) using a patrol car to transport an individual from and to points outside the city of Warrior and (2) failing to document the taking into custody and subsequent release of an individual suspected of driving while intoxicated.
Holliyan sought a hearing before the Jefferson County Personnel Board in order to appeal the decision by the Mayor and City Council of Warrior. The personnel board refused a hearing on the grounds that Holliyan was not a permanent tenured employee. Permanent employees were those employed in a tenured position twelve months or more. Permanent tenured employees were entitled to a hearing before the personnel board prior to any termination, which must be for cause. The position of police officer was a tenured position pursuant to Code 1975, §§ 11-43-180 through-190. *Page 33 
The position of radio dispatcher was not a tenured position under the statute. Holliyan filed suit against Mayor Gayle, the Warrior City Council and the Jefferson County Personnel Board, contending that (1) he was entitled to a hearing before the personnel board because he was employed by the City of Warrior for more than twelve months, and (2) he was fired for exercising his first amendment rights. The trial judge granted a summary judgment in the defendants' favor.
Holliyan sets forth several bases for his claim that he was a law enforcement officer and thus a permanent tenured employee within the meaning of the rules promulgated by the personnel board. The merit system under which Holliyan seeks to be classified was created for the purpose of "governing the appointment, removal, tenure and official conduct of municipallaw enforcement officers." [Emphasis added.] Code 1975, §11-43-182. The term "law enforcement officer" is defined in Code 1975, §§ 11-43-181, as:
 [A] policeman, policewoman and other official who has authority to make arrests and who is employed by any municipality in the state as a permanent and regular employee for and subject to law enforcement duties. [Emphasis added.]
Initially, Holliyan claims that, because one of his duties as radio dispatcher was to handle prisoners in the Warrior City Jail, he was a law enforcement officer as defined in the statute. Thus, according to Holliyan, he was a tenured employee, as he was a law enforcement officer for more than twelve months. The statute, however, includes in its definition of "law enforcement officer" the requirement that the individual must have the authority to make arrests. While private persons are sometimes authorized to make arrests, see, Code 1975, § 15-10-7; Morgan v. Hope, 371 So.2d 416 (Ala. 1979), a law enforcement officer is authorized by a governing body, be it the state, a county, or a municipality, to make arrests when private citizens cannot. See, Code 1975, §§15-10-1 through -4. Mayor Gayle testified in deposition that Holliyan, while employed as a radio dispatcher, did not have the authority of a police officer to make arrests. Since Holliyan offered no evidence to the contrary, the fact was not in dispute on summary judgment. Holliyan clearly cannot base his claim to tenured employment on his belief that he had worked in a tenured position, as a "law enforcement officer," for more than one year.
Next, Holliyan contends that he was a tenured employee entitled to a hearing before the personnel board because the board exercised its discretion to bestow tenured status on him when it executed a personnel action form on which the box marked "permanent" was checked in the section of the form entitled "status." This contention is without merit. Exercise of discretion cannot be premised on a mere clerical error, and it is not disputed that a clerical error occurred. When the personnel board learned of the designation of "permanent" on Holliyan's personnel action form, it immediately corrected the form. Rights are not bestowed or withdrawn by mere inattention on the part of the personnel board. The very term "exercise of discretion" connotes a voluntary act, and there is no evidence here of such a voluntary act. Movants showed as a matter of law that the checking of the box marked "permanent" was a clerical error. Therefore, something more must be shown before we may conclude that the personnel board exercised its discretion to grant permanent status to Holliyan.
Finally, we consider Holliyan's first amendment claim. This claim is premised on the facts that: (1) Holliyan was a friend and political supporter of James R. Hughes and Frances A. Sharritt, Warrior city councilmen and political opponents of Mayor Jean Gayle; (2) Holliyan was a friend of Butch Lawless, a deputy sheriff who had publicly criticized Gayle and who had politically supported Hughes and Sharritt; (3) Mayor Gayle had criticized Lawless for "meeting" with Hughes and Sharritt; (4) Lawless and one of the councilmen were listed as references on Holliyan's original application for employment; (5) Holliyan *Page 34 
was a member of Lodge Number 59 of the Fraternal Order of Police, and he had once heard a third party state that Warrior Chief of Police McMahon "didn't have any use" for that organization.
Holliyan contends that he was fired for the above stated reasons in violation of his first amendment freedom of association. In order to successfully challenge a discharge from employment on first amendment grounds, the burden of proof is on the employee to establish that suppression of the constitutionally protected right was a "substantial factor" or was a "motivating factor" in the decision to terminate his or her employment. Mount Healthy City Board of Education v. Doyle,429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Abston v.Woodard, 398 So.2d 237 (Ala. 1981). Holliyan has offered no evidence that the previously stated facts constituted a factor in the city council's decision to fire him. To the contrary, the very individuals he associated with were members of the city council that discharged him. Furthermore, he has failed to show that the council members had any knowledge whatsoever of the facts he has set forth. On the other hand, Mayor Gayle testified that he had no bad or wrong motive in recommending that Holliyan be fired. Although the burden of proof on motion for summary judgment is on the movant to show that there is lacking any genuine issue of a material fact, once a prima facie showing of that is made, it then becomes the responsibility of the opposing party to produce evidence to the contrary. Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala. 1980); Worley v. Worley, 388 So.2d 502 (Ala. 1980); Ray v.Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975). If the party opposing the motion for summary judgment fails to produce evidence that a genuine issue of material fact exists, the court is left with no recourse but to conclude that no genuine issue of material fact exists. Rushton v. Shugart, 369 So.2d 11
(Ala. 1979); Mims v. Louisville Title Insurance Co.,358 So.2d 1028 (Ala. 1978); Donald v. City National Bank of Dothan,295 Ala. 320, 329 So.2d 92 (Ala. 1976). The issue in the case before us is whether Holliyan's exercise of his first amendment right of association was a substantial or motivating factor in the decision to terminate his employment. While Holliyan offered evidence that he exercised his right to free association, he offered no evidence that the exercise of the right played any part in his termination. The undisputed facts prove the contrary. At the hearing before the city council, no mention was made of his membership in the F.O.P. or of his friendship with Sharritt and Hughes. In fact, Sharritt and Hughes are members of the city council that voted to fire Holliyan. All the friction between Mayor Gayle and Hughes and Sharritt occurred before Holliyan was hired by the City of Warrior. Finally, the only animosity toward the F.O.P. that Holliyan had even heard about was on the part of Chief McMahon, who played no part in Holliyan's termination. Furthermore, the evidence consisted of hearsay in the manner of "somebody told me one time that. . . ." Such evidence clearly cannot overcome a motion for summary judgment.
Holliyan was fired after a full hearing at which he was represented by counsel and was allowed to call witnesses and to cross-examine those called by the City. Surely, due process has been provided. See, Floyd v. Alabama Historical Commission,388 So.2d 182 (Ala. 1980).
Since Holliyan has failed to offer even a scintilla of evidence that he was a law enforcement officer tenured by the Jefferson County Personnel Board or that he was discharged for exercising his first amendment right of free association, he is not entitled to the relief sought, and the summary judgment in favor of the defendants was properly granted.
AFFIRMED.
JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
FAULKNER and ALMON, JJ., not sitting. *Page 35