HOLMES, Judge.
This is an appeal from a summary judgment granted in favor of the plaintiff and against the defendant for possession of certain real property.
The parties to this appeal were divorced in 1980. As part of the division of property the defendant (husband) gave the plaintiff *1043 (wife) a quitclaim deed to certain real property.
In August 1982, the wife filed suit against the husband seeking possession of the property plus damages for the wrongful withholding of the property by the husband. In September 1982, the husband filed a motion to dismiss for failure to state a claim, which was denied by the trial court. The wife filed a motion for summary judgment accompanied by appropriate affidavits. The husband then filed an answer denying the allegations of the wife’s complaint, i.e., a general denial. The husband did not offer anything in response to the wife’s motion for summary judgment.
In December 1982, the trial court granted the wife’s motion for summary judgment. The next day the husband filed a motion for reconsideration of the judgment accompanied by an affidavit. The trial court declined to reconsider its judgment. The case was subsequently tried before a jury on the issue of damages only. The wife received a jury verdict in her favor in the amount of $200. The husband, through able counsel, now appeals. The husband’s only contention on appeal is that the trial court erred in granting the summary judgment. We find no error requiring reversal and affirm.
As stated, the only issue on appeal is whether the trial court erred in granting summary judgment.
A party moving for summary judgment has the burden of clearly showing that there is an absence of a genuine issue as to any material fact and that the moving party must be entitled to the summary judgment as a matter of law. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981).
Once a motion for summary judgment has been made and supported as required by Rule 56, Alabama Rules of Civil Procedure, the motion is to be granted unless the adverse party makes an evidentia-ry or factual showing that there is a genuine issue of fact for trial. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981).
In the instant case, the wife made a proper motion for summary judgment supported by affidavits. The motion and affidavits, taken along with the pleadings, show that the husband gave a quitclaim deed conveying certain real property to the wife as a division of property in a divorce case. The wife also showed that the husband was in possession of the property and refused to relinquish possession. Clearly, under these facts, the wife was entitled to a judgment in her favor on the claim to recover possession.
Once a prima facie showing is made that there is no genuine issue of material fact, it then becomes the burden of the opposing party to produce evidence to the contrary. Holliyan v. Gayle, 404 So.2d 31 (Ala.1981). An opposing party may not rest upon the mere allegations or denials of the pleadings. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981). In the instant case, as indicated, the husband did not offer anything in response to the wife’s motion for summary judgment other than a general denial of the complaint.
When no evidence is offered to contradict, or the opposing party fails to re- , spond to a motion for summary judgment, the trial court has no alternative but to consider the evidence presented by the moving party as uncontroverted; and, if warranted by such evidence, summary judgment may be entered against the non-moving party. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981); Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala.1981). Such is the case here; hence, no error.
We particularly note that in this instance the learned trial judge in his order granting summary judgment stated that “the Defendant has filed no counter affidavit .... ”
We find the above to be dispositive even though after summary judgment was granted, the husband filed a motion to reconsider, supported by an affidavit intended to show that a genuine issue did exist, and the trial court declined to reconsider its judgment.
*1044 The trial court has great judicial discretion which it may exercise over its final judgment during the thirty-day period after entry of the judgment. Petty v. Strickland, 420 So.2d 273 (Ala.Civ.App.1982). Under the instant facts, we cannot say the trial court erred in failing to grant the husband’s motion to reconsider. To do so would have the effect of holding that, as a matter of law, the trial court was required to reconsider when, in fact, such reconsideration is discretionary. In this instance, the trial court clearly did not abuse that discretion.
When the moving party has presented evidence that no genuine issue of a material fact exists, the opposing party cannot hold back his evidence but must produce at least a scintilla of evidence that would create a triable issue of fact. Courtaulds North America, Inc. v. Lott, 403 So.2d 240 (Ala.Civ.App.), cert. denied, 403 So.2d 244 (Ala.1981).
Even though the above is dispositive of the appeal, in deference to able counsel for the husband, we make the following observation.
The husband’s contention that the property in question was subject to “conditions” or exceptions in a prior deed that prevented the husband from complying with the wife’s allegations as contained in her complaint appears to be without merit. After reading the appropriate documents which were filed with the wife’s motion for summary judgment, it appears to this court that the wife’s motion for summary judgment was, even considering the husband’s affidavit, due to be granted. Put another way, there was no genuine issue of a material fact.
In view of the above, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.