EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a detinue action.
We limit a summary of the facts to only that personal property which was awarded to the plaintiff by the final judgment and to the issues presently before us.
In 1977 the defendants executed a security agreement and promissory note in order to evidence and to secure a loan of $11,043 made to them by a bank. They granted to the bank a security interest in certain personal property which was used as collateral for the loan. The property consisted of a truck, tools and equipment in the defendants’ garage and service station business, and certain household goods and furniture consisting of a stove, a dining room suite, a washing machine, two bedroom suites, and a living room suite. The note contained the usual provision whereby the defendants waived all rights of exemptions under the laws of Alabama as to personal property as against the payment of the debt. Payment of the note was guaranteed by the endorsement of the plaintiff. The note was renewed by the defendants on two subsequent occasions but, eventually, the plaintiff was required to pay to the bank the balance in full due upon the note. Upon *881 that payment the bank assigned, in writing, the security agreement and notes to the plaintiff. Upon the failure of the defendants to surrender the property in question to the plaintiff, the detinue action ensued. The defendants’ answer asserted their claim that those items were exempt to them by a code section which states:
“(a) No waiver of exemption in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the following property for any debt contracted:
“(1) Cooking utensils, cooking stoves, table, tableware, chairs, bed and bed clothing in actual use by the family;
“(2) Wearing apparel;
“(3) A vehicle used by and essential to the debtor’s business;
“(4) Tools used personally by and essential to the debtor’s business;
“(5) The library of the debtor.
“(b) Any levy upon such property is absolutely void.”
§ 6-10-126, Code 1975.
There was evidence that the furniture and household goods were used by the defendants for family purposes and that the truck and tools were used by Mr. Parker in his trade as a mechanic.
After an ore tenus trial before the trial court, the final judgment of February 14, 1984 awarded the possession of the disputed property to the plaintiff. The trial court expressly held as follows:
“(2) That the claim of exemption by the Defendants, Duane W. Parker and Judy Parker individually and doing business as Parker’s Garage, pursuant to sec 6-10-126, Code of Alabama, 1975, is not a valid claim as to the specified property given as security on the promissory note under the security agreement therein to Headland National Bank. Sec. 6-10-126 provides that no waiver of exemptions in any written instrument shall be held to apply to or to include or authorize levy of an execution or attachment on certain items of personal property for any debt contracted. Such does not preclude the giving of such personal property as security for a debt and the enforcement of the [collection] of such debt against those items of personal property which were given as security.”
The defendants have appealed and argue through their able counsel that, notwithstanding their granting of a security interest in and to the property as collateral for the loan, the provisions of section 6-10-126, Code 1975, negated that security interest, that such code section bars the enforcement of any such debt against the items of personal property with which we are presently concerned and that additional exemption rights are provided by section 6-10-126, Code 1975, to debtors above and beyond the exemption limits for personal property as granted by section 6-10-6, Code 1975. We agree with the trial court and affirm.
Had a security interest in personal property not been granted to the payee, and had a monetary judgment only been rendered against the defendants, a levy of execution upon any item belonging to the defendants which is enumerated in section 6-10-126 would have been void and the waiver of personal property exemptions as were contained in the notes would have had no application as to such statutory listed personal property because of the exact terms of that code section. However, a security interest in these particular items was expressly granted by the defendants to the payee by the very terms of the security agreement and the provisions of section 6-10-126 do not here apply as to the subject property. That code section does not preclude the enforcement of a security interest as against those items of personal property which were expressly given and pledged by the defendants as collateral to secure this indebtedness.
Under the defendants’ position, it would be almost impossible for an individual to purchase a vehicle or tools and to borrow money and grant a security interest against that property if it was then used, or would be used in the future, in his *882 business. Likewise, many people would experience much difficulty in obtaining financing for the purpose of purchasing, or borrowing against, either a library (professional, trade, or personal) or “cooking utensils, cooking stoves, table, tableware, chairs, bed and bed clothing in actual use by the family.” We do not deem that such results were intended by the legislature.
A thorough study of section 6-10-126 has convinced this court that it should not be viewed as an exemption statute, but as a statutory limitation upon the remedy of the levy of an execution, or of an attachment, on behalf of a creditor who holds only a debtor’s mere unsecured waiver of personal property exemptions.
Finally, no levy of execution, nor of attachment, is involved in this case. Accordingly, there is no present field for the operation of section 6-10-126, Code 1975.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.