HOLMES, Judge.
This is an appeal from a summary judgment granted in favor of Avco Financial Services of Alabama, Inc. (Avco) and from the trial court’s order regarding the claim of exemptions made by Odell Smith (Smith).
Avco filed a complaint against Smith and his ex-wife, Gracie Smith, who is not a party to this appeal, for the balance due on a promissory note executed by them and secured by a second mortgage on certain real property. Pursuant to a motion filed by Avco, the trial court entered summary *1136 judgment in favor of Avco “with waiver of exemptions.”
Thereafter, Avco initiated a process of garnishment against Smith. Smith answered, claiming that $3,000 of his salary (among other things) was exempt. Avco responded that the exemptions had been waived. The trial court issued an order regarding claim of exemptions.
Smith appeals. We affirm.
Smith raises two issues on appeal. In his first issue he contends that his alleged waiver of personal property exemptions was not a legal waiver because he cannot read and because he signed the promissory note without understanding the consequences of his action.
The record reveals, in pertinent part, that Avco filed a motion for summary judgment with a supporting affidavit, proving the execution of the promissory note by Smith, default thereon by Smith, and the balance owed on the note. Avco also .attached a copy of the promissory note executed by Smith, which contained a standard “Waiver of Exemption Rights” clause. Smith failed to file any counteraffidavits, and his answer did not raise any particular issue relating to the waiver of exemptions.
The complaint filed by Avco alleged a waiver of exemptions, as is required by law. Ala.Code (1975), § 6-10-123. The standard for proving waiver is to prove that the defendant signed the promissory note which contained the waiver of exemptions clause. Broadway v. Household Finance Corp., 351 So.2d 1373 (Ala.Civ.App.1977).
If the moving party makes a prima facie showing that no genuine issue of material fact exists, the opposing party has the burden of presenting evidence to the contrary. Mitchell v. Mitchell, 453 So.2d 1042 (Ala.Civ.App.1984). If there is no evidence offered by the opposing party, the trial court must consider the evidence presented by the moving party as uncontroverted and enter summary judgment, if so warranted by the evidence. Mitchell, 453 So.2d at 1043.
Therefore, .in view of the above, to wit, no evidence presented by Smith, the trial court correctly entered summary judgment in favor of Avco.
In his second issue Smith argues that the trial court erred in only allowing him exemptions which are excepted from levy pursuant to § 6-10-126, Ala.Code (1975), and in not allowing him to claim a $3,000 personal property exemption as to his wages pursuant to § 6-10-6, Ala.Code (1975).
In its order regarding claim of exemptions, the trial court expressly found that the promissory note provided for a waiver of exemption rights. Therefore, the trial court found that Smith was entitled to the property excepted from levy under § 6-10-126 and that 75% of all wages, salary, or other compensation due him may be claimed as exempt pursuant to § 6-10-7, Ala.Code (1975). The trial court found that 25% of all wages, salary, or other compensation due Smith is subject to garnishment.
Smith argues that § 6-10-126 is a statutory limitation upon the remedies available to a creditor who holds a waiver of personal property exemptions. Parker v. Adams, 455 So.2d 880 (Ala.Civ.App.1984). We agree. However, Smith also argues that this limitation precludes Avco from garnishing his wages. We find no merit in this contention because all rights to exemptions created by Ala.Code (1975), § 6-10-6, may be waived by an instrument in writing. See § 6-10-120, Ala.Code (1975). Such is the case here; hence, no error.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.