CRAWLEY, Judge,
dissenting.
I conclude that the trial court properly entered summary judgment for Coleman, the landlord; therefore, I must respectfully dissent. As the majority correctly states, our supreme court adopted § 358, Restatement (Second) of Torts (1965), which states the duty a landlord owes to a tenant as the duty to disclose the presence of latent defects if the tenant has no knowledge of the defect and the landlord has knowledge of the defect or has reason to know of the defect. Furthermore, “[a] landlord has no duty to inspect for latent defects.” Casey v. Estes, 657 So.2d 845, 848 (Ala.1995).
It is undisputed that the defect of the air conditioning wiring was a latent defect because it was “hidden or concealed, or [because it could] not be discovered by a reasonable inspection.” Id. All the expert witnesses testified that the defective wiring was not visibly apparent. There is no evidence that the landlord knew of the latent defect; however, the majority rules that there is an issue of material fact whether the landlord had reason to know of the defect. The tenant’s attorney asked the landlord if he had ever bought an air conditioner for the rental house. The landlord responded:
“I may have. I can’t remember. You know, I don’t remember. I — for the length of time — those were old air conditioners when I bought the house, and probably — it seems like that some tenant or somewhere, we had some kind of agreement; either they put an air conditioner in or we took something off the rent. I don’t remember. But being that old, I would think they’d probably been replaced.”
The majority concludes that the landlord’s testimony creates an issue of material fact as to whether he should have known of the wiring defects. The majority reasons that the landlord should have known that the air conditioner’s wiring was defective because it was installed by someone other than a licensed electrician; however, the landlord did not testify that the air conditioner was installed by a non-electrician. The landlord simply testified that he did not remember who installed the air conditioner and did not remember if the air conditioner had been installed after he purchased the house. The fact that the landlord cannot definitively state that the air conditioner had been installed by a licensed electrician does not support the tenant’s bare allegation that the air conditioner was installed by a non-electrician. The tenant’s bare allegation does not create an issue of material fact. Therefore, I conclude that the tenant did not present substantial evidence that the landlord should have known of the latent defect.