Lucille A. Gibson ("Gibson") appeals from a summary judgment in favor of Janet L. Merrifield, Britt A. Merrifield, and Landell, Inc. (hereinafter collectively referred to as "the Merrifields"), regarding her claims against them for damages resulting from alleged injuries Gibson sustained to her back and spine when she tripped and fell in a residence that she had leased from the Merrifields.
In August 2002, Gibson and her husband, Jimmie L. Gibson Sr., leased a residence in Mobile from the Merrifields. The Gibsons' monthly payments to the Merrifields were $1,874.43, and the term of the lease was for five years. At the same time the Gibsons entered into the lease, they also entered into an option agreement with the Merrifields, whereby the Gibsons paid $25,000 for an option to purchase the leased property. Although the $25,000 was not refundable to the Gibsons, the amount was to be applied against the purchase price of the leased property if they decided to purchase it. The Gibsons also signed a purchase agreement stating that *Page 431 
they had examined the residence and agreed to accept it in its present condition, aside from a few stipulations that were fulfilled by the Merrifields — such as changing the paint on the walls and installing a double wall oven.
Shortly after moving into the residence, Gibson notified the Merrifields that there were several significant problems with the construction of the house. One problem was that a piece of flooring in the dining room had come loose and had risen above the level of the adjacent flooring. Gibson notified the Merrifields of the problem in September 2002, and the Merrifields' contractor, David Payne, repaired the piece of loose flooring. The same piece of flooring came loose again in October 2002, and David Payne, or one of his employees, again repaired the flooring. The Gibsons subsequently stopped making lease payments, [1] and on March 26, 2003, the Merrifields commenced eviction proceedings against the Gibsons.[2] The Mobile County Sheriffs Department finally evicted the Gibsons from the residence on April 17, 2003.
On October 14, 2003, Gibson sued the Merrifields, alleging that, on or about March 9, 2003, while she was removing some of her personal property from the residence in contemplation of eviction proceedings, she tripped and fell over the piece of flooring in the dining room that had, for the third time, come loose and risen above the level of the surrounding flooring and that she incurred bodily injury as a result of the fall. Gibson's complaint included the following counts: (1) negligence; (2) wantonness; (3) conversion; (4) breach of the implied covenant of quiet enjoyment; (5) unjust enrichment; and (6) constructive eviction.
The Merrifields answered Gibson's complaint and filed a third-party complaint against David Payne. Later, the Merrifields moved for a summary judgment on Gibson's claims. Gibson filed a response in opposition to the motion, after which the trial court heard oral argument on the motion and entered a summary judgment in favor of the Merrifields as to all of Gibson's claims. The trial court certified the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P.
The trial court specifically held that Gibson had presented no evidence or argument as to counts (2) through (6) of her complaint. Therefore, the court held, the Merrifields were entitled to a summary judgment because, as to those counts, there was no genuine issue of material fact and the Merrifields were entitled to a judgment as a matter of law.
Regarding Gibson's negligence claim, the trial court held that, as a result of Gibson's eviction from the leased premises, she had been a trespasser on the property at the time of the injury. Citing Raney v. Roger Downs Insurance Agency,525 So.2d 1384, 1386-87 (Ala. 1988), the trial court concluded that, because Gibson had been a trespasser, the only duties the Merrifields had owed Gibson were to refrain from intentionally or wantonly injuring her and to warn her of any known dangers. Because Gibson failed to present any evidence tending to prove that a genuine *Page 432 
issue of material fact existed as to whether the Merrifields had intentionally or wantonly injured Gibson or had failed to warn her of any known danger, the court determined that the Merrifields were entitled to a summary judgment. The trial court additionally held that, because the alleged defect — the unglued piece of flooring — had been open and obvious, even if the higher duty imposed on a premises owner to an invitee was applied to Gibson, the Merrifields would still be entitled to a summary judgment.[3]
Gibson timely appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. Gibson asserts, generally, that the trial court erred in entering a summary judgment in favor of the Merrifields regarding her negligence claim because, she says, there were genuine issues of material fact.[4]
 Standard of Review
In Payton v. Monsanto Co., 801 So.2d 829, 832-33
(Ala. 2001), our supreme court stated the appropriate standard of review:
 "`The principles of law applicable to a motion for summary judgment are well settled. To grant such a motion, the trial court must determine that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact. Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."
 "`In our review of a summary judgment, we apply the same standard as the trial court. Our review is subject to the caveat that we must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.'"
(Quoting Ex parte Alfa Mut. Gen. Ins. Co.,742 So.2d 182, 184 (Ala. 1999) (internal citations omitted).) Furthermore, our review of a summary judgment is de novo. Ex parteHoover, Inc., 956 So.2d 1149, 1152 (Ala. 2006).
 Analysis
The Alabama Supreme Court, in Ex parte Coleman,705 So.2d 392, 395 (Ala. 1997), stated the following principles:
 "`[I]n the absence of a covenant to repair the defect that caused the injury, a lessor is liable only for injuries resulting from latent defects known to the lessor at the time of the leasing and which the lessor concealed from the lessee. A landlord has no duty to inspect for latent defects, i.e., defects that are hidden or concealed, or which can not be discovered by a reasonable inspection.
 "`. . . .
 "`. . . [A]lthough a landlord is under no duty to inspect for and repair latent defects, a landlord who voluntarily undertakes such a duty is liable for injuries *Page 433 
proximately caused by the landlord's negligence in inspecting and repairing. . . . Moreover, the exception to the general rule of no duty applies only to repairs made after the relationship of landlord and tenant begins.'"
(Quoting Casey v. Estes, 657 So.2d 845, 848
(Ala. 1995).)
In support of their motion for a summary judgment, the Merrifields made two different assertions. First, the Merrifields asserted that, according to Ex parteColeman, supra, a lessor is liable, absent a covenant to repair, only for injuries to a lessee resulting from latent defects known to the lessor at the time of the leasing and concealed from the lessee. Therefore, the Merrifields argued, because Gibson had presented no evidence indicating that the alleged defect was either known by the Merrifields or hidden from Gibson at the time the parties entered into the lease, the Merrifields were entitled to a summary judgment.
Second, the Merrifields asserted that, even if Gibson, the lessee, could be deemed an invitee — a status that triggers the highest duty imposed upon a landowner — the Merrifields were responsible only to warn Gibson of hidden defects and dangers, and, the Merrifields asserted, Gibson had presented no evidence indicating that the Merrifields had superior knowledge of the alleged defect or that the defect was not open and obvious.
Citing Dunson v. Friedlander Realty, 369 So.2d 792
(Ala. 1979), and Kitchens v. United States,604 F.Supp. 531 (M.D.Ala. 1985), Gibson responded by contending that the exception to the general rule that, absent a contract to repair, a lessor has no duty to repair the leased premises, applied in the present case. Gibson argued that, when the Merrifields had agreed to repair the defect in the flooring in September 2002, they had voluntary undertaken a duty to perform the repair in a non-negligent manner and that, due to the Merrifields' negligence, the flooring had failed to remain stable and Gibson had been injured in March 2003 as a result.
The Merrifields responded by referring to Payne's affidavit, which stated that he had been contacted in early March 2003 about the piece of flooring coming loose again, that he had gone to the residence to repair the flooring, but that Gibson's husband had refused to let him make the repair. Gibson, in turn, submitted the affidavit of her husband, who denied that he had told Payne or any of Payne's employees that they could not repair the flooring.
Viewing the evidence in the light most favorable to Gibson and resolving all reasonable doubts against the Merrifields,Payton v. Monsanto, 801 So.2d at 833, it is clear from the record that Gibson presented substantial evidence creating genuine issues of material fact as to whether the Merrifields had voluntarily undertaken a duty to Gibson to repair the flooring defect and as to whether the Merrifields had negligently performed that duty. See Ex parte Coleman, supra (holding that a landlord who voluntarily undertakes a duty to repair is liable for injuries proximately caused by the landlord's negligence in repairing).
We question the trial court's determination that Gibson was a trespasser at the time of her injury on March 9, 2003. According to the record, the Merrifields did not commence the eviction action until March 26, 2003. However, we need not address that issue because, under well-settled principles of Alabama law, "one who volunteers to act, though under noduty to do so, is thereafter charged with the duty of acting with due care and is liable for negligence in connection therewith." Dailey v. City of Birmingham, *Page 434 378 So.2d 728, 729 (Ala. 1979) (emphasis added) (reversing a summary judgment in favor of the City of Birmingham and holding that a genuine issue of material fact existed as to whether the city had voluntarily undertaken a duty to protect the general public by beginning construction of a barrier along the bank of a storm-sewer ditch). See also Raburn v. Wal-Mart Stores,Inc., 776 So.2d 137 (Ala.Civ.App. 1999) (holding that, although a store had no duty to protect business invitees from the criminal acts of a third party, when the store's employee undertook to apprehend a shoplifter, the store was liable for an ensuing injury to a customer as a result of the employee's negligence).
It is apparent from the record that Gibson presented substantial evidence indicating that there were genuine issues of material fact to be resolved by a fact-finder. Therefore, the trial court erred in entering a summary judgment for the Merrifields on Gibson's negligence claim, and the judgment is due to be reversed and the cause remanded for further proceedings. See Hollis v. City of Brighton,950 So.2d 300 (Ala. 2006) (stating that a summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law). However, the trial court's summary-judgment as to all of Gibson's other claims is due to be affirmed. Gibson presented no evidence in response to the Merrifields' motion for a summary judgment regarding those claims, and she does not make any argument with respect to those claims on appeal. SeeSullivan v. Alfa Mut. Ins. Co., 656 So.2d 1233
(Ala.Civ.App. 1995) (stating that this court will not consider issues on appeal that are not properly presented or argued in brief and that those issues will be considered waived).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., concurs.
BRYAN, J., concurs in part and concurs in the result, with writing, which PITTMAN and MOORE, JJ., join.
[1] Gibson alleged that she and her husband had stopped making the lease payments due to the problems they were having with the condition of the residence, and she stated that she had told the Merrifields that the payments would resume when the problems were resolved.
[2] The record is unclear as to when discussions of eviction proceedings between the parties and their respective attorneys began. However, according to the record, the eviction action was commenced by the Merrifields on March 26, 2003.
[3] "`A landowner owes an invitee the duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee.'"Yeilding v. Riley, 705 So.2d at 426, 429
(Ala.Civ.App. 1997) (quoting Hambright v. First BaptistChurch-Eastwood, 638 So.2d 865, 868 (Ala. 1994)).
[4] On appeal, Gibson does not mention her other claims against the Merrifields or argue that the trial court erred by entering a summary judgment with respect to those claims.